**George Bedford HOLLINGSWORTH, et al., Petitioners,**

v.

**Pete KING, et al., Respondents.**

**No. D–1362.**

Supreme Court of Texas.

Oct. 2, 1991.

John Smithee, Amarillo, for petitioners.

William S. Leach, Robert Kimball, Amarillo, for respondents.

PER CURIAM.

George and May Hollingsworth sued Pete and Bonnie King for negligently failing to restrain a horse from wandering onto a public highway. The trial court granted summary judgment for the Kings, which the court of appeals reversed 810 S.W.2d 772. The Hollingsworths have nevertheless applied to this Court for writ of error. Their sole contention in this Court is that the court of appeals erred in holding that there is no common law duty to restrain livestock. We express no opinion on this contention and deny the application. In so doing, however, we should not be taken as approving any other part of the court of appeals' opinion.

**WELEX, a DIVISION OF HALLIBURTON COMPANY**

v.

**Jerry Wayne BROOM.**

**No. D–0898.**

Supreme Court of Texas.

Oct. 16, 1991.

Harry M. Reasoner, Marie R. Yeates, W. James Kronzer, Jr., Houston, M.W. Meredith, Corpus Christi, Penelope E. Nicholson, Linda K. McCloud, Houston, for appellant.

Russell H. McMains, Arnulfo Gonzalez, Jr., Kimberly Hall, Corpus Christi, for appellee.

PER CURIAM.

The trial court rendered default judgment against petitioner as sanctions for abuse of discovery, and the court of appeals affirmed. 806 S.W.2d 855. We believe that the court of appeals should have the opportunity to reconsider the rulings of which petitioner complains in this proceeding in light of our recent opinion in *Trans-American Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). Accordingly, pursuant to Rule 170, Tex.R.App.P., without hearing oral argument, a majority of this Court grants the application for writ of error in this case, and without addressing the merits of the application, vacates the judgment of the court of appeals and remands the case to that court for further proceedings.