Allison Jennifer BLAIR, Patricia Huntington, a/k/a Patience Huntington and Brett James Strasma, Petitioners,

v.

Marcilea FLETCHER, Respondent.

No. D–3198.

Supreme Court of Texas.

March 3, 1993.

John F. Williams, A. Boone Almanza, Fletcher H. Brown, Ross S. Crossland, Douglas W. Alexander, Bill D. Fountain, John Greytok, Ross Pringle, Austin, for petitioners.

Jay Doyle, Austin, for respondent.

PER CURIAM.

This case presents the issue whether a court of appeals can vacate a trial court judgment without rendering a decision on the merits, and remand the case for reconsideration to the trial court because of a change in the applicable law during the pendency of the appeal. We hold that a court of appeals has no such authority and must render an appellate decision on the merits. Therefore, we reverse the court of appeals' judgment and remand this cause to the court of appeals for further proceedings consistent with this opinion.

This appeal arises out of an automobile accident case brought by Marcilea Fletcher against Allison Blair, Patricia Huntington, and Brett Strasma ("Defendants").[1] During pretrial discovery Ms. Fletcher allegedly made several false statements and produced falsified tax documents in response to the Defendants' discovery requests. The trial court eventually struck Ms. Fletcher's pleadings and dismissed her lawsuit for discovery abuse.[2] After the trial court entered the default judgment, but before Ms. Fletcher had perfected her appeal, we decided *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991). Because of this change in the applicable law, the Third Court of Appeals, without addressing the merits of Ms. Fletcher's appeal, vacated the trial court's judgment and remanded the cause to the trial court for reconsideration in light of *TransAmerican*, 843 S.W.2d 601.

Defendants argue that the court of appeals is authorized to dispose of an appeal in one of four ways: 1) affirm the judgment of the trial court, 2) modify the judgment of the trial court by correcting or reforming it, 3) reverse the judgment of the trial court and dismiss the case or render the judgment or decree that the court below should have rendered, or 4) reverse the judgment of the trial court and remand the case for further proceedings. TEX.R.APP.P. 80(b). We agree. Here, however, the court of appeals vacated the trial court's judgment without affirming, reversing, or modifying the judgment in the case.[3] Under these circumstances, the Texas Rules of Appellate Procedure delimit the options available to a court of appeals; the court has no authority to decline to decide the appeal on its merits.

The legislature has not granted intermediate appellate courts discretionary review. Thus, when error is preserved and jurisdiction is proper, a court of appeals must render a decision on the merits. When the applicable law changes during the pendency of the appeal, the court of appeals must render its decision in light of the change in the law. *See FSLIC v. T.F. Stone–Liberty Land Assocs.*, 787 S.W.2d 475, 486–87 (Tex.App.—Dallas 1990, writ dism'd). *See also Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

This Court, however, can vacate a court of appeals judgment and remand a case to that court to reconsider its judgment in light of changes in the law. *See e.g. Bacon v. General Devices, Inc.*, 830 S.W.2d 106 (Tex.1992); *Welex v. Broom*, 816 S.W.2d 340 (Tex.1991). In such instances, the litigants still are able to secure an appellate decision on the merits of their

---

1. Ms. Fletcher also sued Paula Galbraith, who did not file an application for writ of error with this court. Ms. Blair, Ms. Huntington, and Mr. Strasma have each filed separate applications for writ of error with this court.

2. The two-year statute of limitations had expired on Ms. Fletcher's claim. TEX.CIV.PRAC. & REM.CODE § 16.003 (1986).

3. The court of appeals recognized that its disposition of the appeal was not "specifically mentioned" in the rules; nevertheless, it held that it had the inherent power to render such a judgment.

case.[4] This practice is specifically authorized by Rule 180:

> In each cause, the Supreme Court shall either affirm the judgment of the court of appeals, or reverse and render such judgment as the court of appeals should have rendered, **or remand the cause to the court of appeals,** or reverse the judgment and remand the cause to the trial court, if it shall appear that the justice of the cause demands another trial.

TEX.R.APP.P. 180 (emphasis added). Thus, while this Court may vacate the court of appeals' judgment and remand to that court without first rendering a decision on the merits, the courts of appeals are not authorized to do so with respect to the judgments of the trial courts. In this case, the court of appeals is duty bound to determine the propriety of the trial court's sanction under *TransAmerican.*

Consequently, pursuant to Texas Rule of Appellate Procedure 170, a majority of the court grants all three applications for writ of error, and without hearing argument, reverses the judgment of the court of appeals and remands this cause to that court for further proceedings consistent with this opinion.

Clinton, J., filed concurring opinion in which Miller, J., joined.

Overstreet, J., filed dissenting opinion.

McCormick, P.J., and White, J., dissented.

---

4. This is also the procedure in the United States Supreme Court and the Texas Court of Criminal Appeals. *See e.g. Stringer v. Black,* 494 U.S. 1074, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) (vacating and remanding a cause to the Court of Appeals for the Fifth Circuit for further consideration in light of *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990)); *Haynie v. State,* 751 S.W.2d 878, 879 (Tex.Crim.App.1988) (remanding a case to the court of appeals to determine whether a change of law affected the outcome on appeal).