TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00327-CV







Crawford Heavy and Marine Construction Limited, Appellant



v.



Texas Department of Transportation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 94-11560, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 Crawford Heavy and Marine Construction Limited ("Crawford") seeks to appeal the
district court's order affirming a decision of the Texas Department of Transportation ("TxDOT"). We will
dismiss the cause for want of jurisdiction.



THE ADMINISTRATIVE RECORD


 The trial court judgment was signed February 2, 1995. A timely motion for new trial was
filed, extending the deadline for the filing of the record to June 2, 1995. The transcript was timely filed on
June 2, 1995. However, the administrative record was received by this Court on June 5, 1995, three days
after the deadline for filing had expired. Further, Crawford did not tender the transcribed portion of the
statement of facts until July 3, 1995. (1) 

 Crawford filed two motions, one of which we overruled, asking us to file the administrative
record and the statement of facts. We have no authority to file a late-submitted statement of facts. B.D.
Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 861 (Tex. 1982). However, the Texas
Supreme Court recently held that the administrative record can be transmitted to the appellate court as part
of the transcript rather than the statement of facts, as long as some evidence indicates that the record was
admitted into evidence at the trial court. Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ.
Agency, 39 Tex. Sup. Ct. J. 283, 285 (Feb. 9, 1996). Even an affidavit from the clerk stating that the
record was received into evidence suffices. Id. 

 Several documents, including the trial court's order transmitting original exhibits and the
clerk's affidavit transmitting the administrative record, demonstrate that the administrative record was
offered and received into evidence. Since we can tell from these documents that the record was admitted,
we heed the supreme court's exhortation not to elevate form over substance and grant the motion to file
the administrative record; however, we direct the Clerk to file it as part of the transcript rather than the
statement of facts. (2)



THE CONTROVERSY


 This cause arises from a contract between TxDOT and Crawford. Under the terms of the
contract, Crawford promised to repair concrete along six miles of IH-10 near Katy, Texas, and four miles of IH-10 near downtown Houston, Texas. Disputes regarding contract interpretation
arose during the pre-construction conference and continued throughout the project.

 The project began January 1, 1992, and was to end 120 days later. In addition to other
problems, the project was suspended three times because Crawford had trouble mixing concrete that met
the strength standards. In June 1992, when it was evident that Crawford would not timely complete the
project, the parties considered their contractual options. Crawford, through his attorney, proposed that
he cease work on the project on June 15, 1992; that all remaining work on the project be decreased to
zero; and that TxDOT accept the work Crawford had performed to that time. TxDOT accepted the
proposal.

 Crawford subsequently initiated an administrative proceeding, claiming TxDOT breached
the contract with regard to the number, size and layout of repair sites; the unexpected depth of the
pavement to be removed; the type of cement required; traffic control, including the type and number of
crash attenuators and hours of lane closure; and delays in releasing the project. (3) Crawford sought
additional compensation from TxDOT for the alleged breaches, claiming that he lost money and his bonding
capacity, and has been unable to meet the financial standards TxDOT requires to list him as an approved
contractor. Crawford claimed damages in excess of $476,086.00. (4)

 After an administrative hearing, the administrative law judge ("ALJ") recommended that
Crawford recover $56,674.18, including $8,075.94 for the unexpected depth of the pavement to be cut
and removed; $9,048.46 for delay that occurred while the parties debated his choice of crash attenuator;
$27,747.50 for extended use of his signs, barricades, and equipment; and $11,802.29 for overhead
expense incurred when TxDOT delayed the project. TxDOT's executive director incorporated all but the
recommendation regarding $27,747.50 for the extended use of Crawford's signs, barricades, and
equipment into his decision, reducing the award by $21,300. Dissatisfied, Crawford sued for judicial
review of the agency decision.



DISCUSSION AND HOLDINGS


I.  Whether Crawford Has a Right to Judicial Review

 A want of subject matter jurisdiction in the district court is fundamental error that we must
address on our own motion if necessary. Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d
440, 445 (Tex. 1993); Firemen's & Policemen's Civil Serv. Comm'n v. Blanchard, 582 S.W.2d 778,
778 (Tex. 1979). It is well-settled that a district court has jurisdiction to review an administrative agency
order in two circumstances only: (1) the plaintiff's pleaded claim comes within a valid statute that assigns
jurisdiction to the court; or (b) the plaintiff's pleaded claim is that the agency order deprived the plaintiff of
property without 

due course of law, a claim lying within the court's original or constitutional jurisdiction. See Stone v. Texas
Liquor Control Bd., 417 S.W.2d 385, 385-86 (Tex. 1967); Southwest Airlines Co. v. Texas High-Speed Rail Authority, 867 S.W.2d 154, 157 (Tex. App.--Austin 1993, writ denied).

 Crawford's live petition in district court is extraordinarily inartful and violates the
requirement that the pleading contain "a short statement of the cause of action sufficient to give fair notice
of the claim involved." Tex. R. App. P. 47. We shall nevertheless do the best we can to discover
Crawford's intentions.

 Several passages in Crawford's petition aver a claim for judicial review of errors of fact
and law committed in the agency proceeding; and, the petition prays for a reversal of the agency order and
a remand of the controversy to the agency for further proceedings. The petition invokes the procedures
and remedies of the Administrative Procedure Act ("APA"). See Tex. Gov't Code Ann. § 2001.001-.902
(West 1996). We find no statute that creates in the district court the jurisdiction to hear and determine such
a claim in review of a TxDOT order; and contrary to Crawford's theory, we have held that APA does not
itself do so. See Employees Retirement System of Tex. v. Foy, 896 S.W.2d 314, 315-17 (Tex.
App.--Austin 1995, writ denied); S.C. San Antonio, Inc. v. Texas Dep't of Human Servs., 891 S.W.2d
773, 776 (Tex. App.--Austin 1995, writ denied); Southwest Airlines Co., 867 S.W.2d at 158. We
therefore hold that the district court had no jurisdiction of Crawford's claim; and even if it did, the appellate
record does not indicate that he met the jurisdiction prerequisite of filing a motion for rehearing in the
agency proceeding. Tex. Gov't Code Ann. § 2001.171 (West 1996); Lindsay v. Sterling, 690 S.W.2d
560, 563 (Tex. 1985); see also Texas Water Comm'n v. Dellana, 849 S.W.2d 808, 810 (Tex. 1993). 




II. Whether Vested Property Rights Were Adversely Affected

 Crawford's petition also averred that TxDOT actions deprived him of property without due
process of law, to his damage in the amount of $497,229.60. Curiously, Crawford did not pray for
judgment awarding such damages. We will, nevertheless, consider whether the pleaded claim came within
the district court's original jurisdiction to protect against the deprivation of property without due process
of law. Stone, 417 S.W.2d at 385-86; Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433
(Tex. 1963). 

 Crawford did not cite in his brief to this Court any authority to support his assertion that
he has vested property rights in the contract nor did he indicate which rights he considers to be vested. 
Accordingly, he has waived his complaint. Tex. R. App. P. 74(f); Fredonia State Bank v. General Am.
Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). Regardless, we conclude that Crawford's petition does
not aver a claim within the district court's jurisdiction to protect against deprivation of property without due
process of law.

 This issue is at what point a contractual right becomes a vested right protected by due
process of law. See generally Note, Breach of Contract As a Due Process Violation: Can the
Constitution be a Font of Contract Law?, 90 Colum. L. Rev. 1099 (1990). A vested right is more than
a mere expectation. City of Amarillo v. Hancock, 230 S.W.2d 788, 792 (Tex. 1951). In cases
interpretating the constitutional prohibition against retroactive laws, courts inquire whether the right was
an entitlement to present or future enjoyment of a demand or a legal exemption from the demand made
by another. See Tex. Const. art. I, sec. 16; Ex Parte Abell, 613 S.W.2d 255, 258 (Tex. 1981). A
disagreement regarding proper contract interpretation that does not abrogate an entitlement does not state
a constitutional claim. See, e.g., City of Amarillo, 230 S.W.2d at 792 (no vested right in position that
could be eliminated); S.C. San Antonio, Inc., 891 S.W.2d at 778 (hospital only eligible, not entitled, to
additional compensation). Contract provisions that have been interpreted in Texas as creating a vested
right include tenure provisions (5) and the right to execute a contract. (6) 

 Additionally, federal cases analyzing the issue have focused on the quality of the claim,
asking whether a fundamental right was injured. The United States Supreme Court has found a protected
property interest only in provisions of employment contracts that entitle the employee to continued
employment. See, e.g., Board of Regents v. Roth, 408 U.S. 564 (1972); Perry v. Sindermann, 408
U.S. 593 (1972). Federal cases that have rejected attempts to define ordinary contract rights as property
rights, for due process purposes, include S & D Maintenance Co. v. Goldin, 844 F.2d 962, 967 (2d Cir.
1988) (ordinary commercial contract); San Bernardino Physicians' Servs. v. County of San Bernardino,
825 F.2d 1404, 1408-09 (9th Cir. 1987) (contract to provide medical services); Costello v. Town of
Fairfield, 811 F.2d 782, 784 (2d Cir. 1987) (increase in pension); Brown v. Brienen, 722 F.2d 360,
364-65 (7th Cir. 1983) (compensatory time off). We find the federal courts' analysis persuasive.

 Crawford and TxDOT disagreed about issues such as the number, size and layout of repair
sites; the depth of the pavement; the type of cement required; traffic control; and delays. These disputes
are clearly nothing more than disagreements about the contractual rights and obligations of the parties
involved. Governmental immunity from suit would be meaningless if any contract dispute created a
constitutional claim. Just as with takings claims, not every "exercise of governmental power that interferes
with or frustrates performance of a contract" damages a constitutional right. Cf. Green Int'l, Inc. v. State,
877 S.W.2d 428, 434 (Tex. App.--Austin 1994, writ dism'd). No fundamental rights are implicated. We
conclude that the trial court had no jurisdiction on the theory that the Department deprived Crawford of
property without due process of law. See City of Hancock, 230 S.W.2d at 792.



 CONCLUSION


 Because Crawford's petition affirmatively demonstrates the absence of jurisdiction to
determine its causes of action, we vacate the trial-court order and dismiss the cause for want of jurisdiction. 
See Blair v. Fletcher, 849 S.W.2d 344, 345-46 (Tex. 1993); International Ass'n of Machinists v.
Federated Ass'n of Accessory Workers, 130 S.W.2d 282, 283 (Tex. 1939).



Before Justices Powers, Aboussie and Kidd

Order Vacated and Cause Dismissed for Want of Jurisdiction

Filed: May 22, 1996

Do Not Publish
1.   Crawford originally filed the question-and-answer portion of the statement of facts with
the district court clerk rather than with the clerk of this Court.
2. One basis upon which Crawford asked us to grant his motion is that he is proceeding pro
se. This we cannot do. Pro se litigants are held to the same standard as an attorney and must
comply with applicable laws and rules of procedure. Mansfield State Bank v. Cohn, 573 S.W.2d
181, 184-85 (Tex. 1978); Levada Hughes & Occupants v. Habitat Apartments, 880 S.W.2d 5, 9
(Tex. App.--Dallas 1992, no writ). 
3.   TxDOT has elaborate procedures for resolving claims arising out of maintenance and
construction contracts. See Title 43 Tex. Admin. Code §§ 1.68; 1.21-1.63 (West 1995). The
procedure first provides for an informal hearing before a district engineer, division head, or contract
committee. If that is not satisfactory, the rules authorize a contested case hearing under the APA. We
express no opinion regarding the binding effect that the administrative determination of contract rights
would have on a court of law. See Amarillo Oil Co. v. Energy-Agri Prods., Inc., 794 S.W.2d 20,
26 (Tex. 1990).
4.   Crawford claimed the following damages:


Unexpected thickness of pavement $ 21,142.00

Use of Type III cement   30,613.00

Crash Attenuator Delay   18,320.00

"Changed Conditions"   68,372.37

Signs and Barricades   48,180.00

Lost Profits Due to Loss of Bonding Capability  125,003.67

Unabsorbed Home Office Overhead   17,106.69

Attorney's Fees & Expenses  168,492.54

Interest maximum
5.   Martine v. The Board of Regents, 578 S.W.2d 465, 472 (Tex. Civ. App.--Tyler 1979, no
writ).
6.   Texas State Dep't of Human Resources v. Silver Threads Co., 569 S.W.2d 49 (Tex. Civ.
App.--Austin 1978, writ ref'd n.r.e.) (valuable contract may not be cancelled without due process of
law).



AN>



 CONCLUSION


 Because Crawford's petition affirmatively demonstrates the absence of jurisdiction to
determine its causes of action, we vacate the trial-court order and dismiss the cause for want of jurisdiction. 
See Blair v. Fletcher, 849 S.W.2d 344, 345-46 (Tex. 1993); International Ass'n of Machinists v.
Federated Ass'n of Accessory Workers, 130 S.W.2d 282, 283 (Tex. 1939).



Before Justices Powers, Aboussie and Kidd

Order Vacated and Cause Dismissed for Want of Jurisdiction

Filed: May 22, 1996

Do Not Publish
1.   Crawford originally filed the question-and-answer portion of the statement of facts with
the district court clerk rather than with th