

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00382-CV
_____

STANWICH MORTGAGE LOAN TRUST F AND ITS TRUSTEE WILMINGTON
SAVINGS FUND SOCIETY, FSB, Appellants

V.

OAK CREEK OWNERS ASSOCIATION, INC., Appellee

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-323499-21

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

### I. Introduction

Appellants Stanwich Mortgage Loan Trust F and its Trustee Wilmington Savings Fund Society, FSB bring this restricted appeal,[1] arguing in three issues that lack of proper service of process resulted in an erroneous no-answer default judgment for Appellee Oak Creek Owners Association, Inc. Because Oak Creek did not comply with Civil Practice and Remedies Code Section 17.028, which "is mandatory and provides the exclusive methods of service for financial institutions," *U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022), we reverse and remand.

### II. Discussion

No-answer default judgments are disfavored and cannot stand when the defendant was not served in strict compliance with applicable requirements. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). "Strict compliance" means that the court

---

[1]As is necessary to support our jurisdiction over this restricted appeal, the record reflects that Appellants filed their notice of restricted appeal within six months of the complained-of judgment's signing, that they were parties to the underlying lawsuit, and that they did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). To prevail in the restricted appeal, Appellants must show that error is apparent on the face of the record. *See id.* at 497. Because the face of the record in a restricted appeal consists of the papers on file with the trial court when it rendered judgment, we may not consider in our analysis the documents attached to Appellants' brief that are not part of the appellate record. *HSBC Bank USA, Nat'l Ass'n v. Kingman Holdings LLC*, No. 02-21-00087-CV, 2022 WL 872474, at *2 & n.2 (Tex. App.—Fort Worth Mar. 24, 2022, no pet.) (mem. op.).

indulges no presumptions in favor of valid issuance, service, or return of citation, and service of process that does not strictly comply is invalid and of no effect. *Id.* at 316–17; *see also WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021).

Whether service strictly complies with a statute is a question of law that we review de novo. *HSBC Bank*, 2022 WL 872474, at *3. When there is a specific statute that sets out the steps that must be taken for proper service, the inquiry is not whether the defendant had actual knowledge of the proceeding against him but rather whether that knowledge was conveyed to him in the required statutory manner. *Id.* In *HSBC Bank*, applying *Moss*,[2] we held that service was not proper when the plaintiff failed to follow Section 17.028's mandatory and exclusive method of service for financial institutions.[3] *Id.* at *4.

_____

[2]In *Moss*, U.S. Bank, acting as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-EFC2, claimed ownership of a deed of trust on Moss's home. 644 S.W.3d at 131. Moss sued the bank to quiet title. *Id.* The bank was domiciled in Ohio, and Moss served the Secretary of State under the Estates Code. *Id.* at 131–32. The trial court granted Moss a no-answer default judgment. *Id.* at 132. The supreme court reversed, holding that compliance with Section 17.028 is mandatory when the defendant is a financial institution. *Id.* at 134, 137.

[3]Although Oak Creek complains that *Moss* and *HSBC Bank* were not decided when it filed suit or when it sought its default judgment, "[w]hen the applicable law changes during the pendency of the appeal, the court of appeals must render its decision in light of the change in the law." *Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex. 1993). Further, although Oak Creek argues that *Moss* did not address how to accomplish service when the financial institution does not have a registered agent or a branch in Texas, even if *Moss* allowed for exceptions, Oak Creek's petition did not allege that there were no branches in Texas or that it could not comply with Section 17.028's requirements.

## A. The record

As pertinent to this appeal, Oak Creek alleged in its petition[4] that Appellants had neither an office nor a designated registered agent in Texas, and it sought substitute service via Civil Practice and Remedies Code Section 17.044.[5] Oak Creek alleged that Appellants' principal offices were "believed to be located in the City of Anaheim, California," and it set out in its petition an Anaheim address for the Secretary of State to use in effecting out-of-state service. Oak Creek based its use of this address on "[r]ecent communications addressed to Wilmington Savings Fund[, which] prompted responsive communications from Carrington Mortgage Services,

---

[4]As alleged in Oak Creek's petition, the original owner of Oak Creek Condominiums Unit 214 had financed the unit's purchase with a mortgage subsequently acquired by Appellants. In March 2016, when the original owner failed to pay her condominium-association assessments, Oak Creek conducted a foreclosure sale and sold Unit 214. *See generally* Tex. Prop. Code Ann. § 82.113. Just over a year later, Oak Creek conducted another foreclosure sale and purchased Unit 214. *See id.* §§ 82.102(a)(9), .113(f). On February 16, 2021, Oak Creek sued Appellants to quiet title. *See id.* § 82.113(b)(3).

[5]Under Section 17.044(b), the Secretary of State is an agent for service of process on a "nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b). Appellants complain that the record unequivocally shows that Oak Creek failed to strictly comply with the rules for service of process on a financial institution under Section 17.028 and that it likewise failed to comply with Section 17.044's requirements. Because Section 17.028 is mandatory and exclusive here, we do not reach Appellants' Section 17.044 arguments. *See* Tex. R. App. P. 47.1.

4

LLC, a Delaware corporation, with its principal office located" at the Anaheim address.[6]

Eight days after Oak Creek filed its petition, a citation was issued to each Appellant and served on the Secretary of State. The Secretary of State sent separate citations, via certified mail, to each Appellant at the Anaheim address. According to each of the Secretary of State's certifications, "The RETURN RECEIPT was received in this office dated March 9, 2021, bearing signature." The certified mail receipts are not in the record.[7] *Cf. Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 384 (Tex. App.—El Paso 2019, no pet.) ("If the individual who signs the receipt of

---

[6]Oak Creek attached to its petition a copy of the January 2020 transfer and assignment filed in the Tarrant County Real Property Records, which listed Appellants as "located at" the Anaheim address. Oak Creek also attached a September 30, 2020 pre-suit notice addressed to Appellants at the Anaheim address as well as at a Wilmington, Delaware address, which Oak Creek did not later use to try to effect service. In the pre-suit notice, Oak Creek's counsel stated, "The enclosed correspondence was received at the Anaheim, California address on February 28, 2020, but I have not been contacted or received a response." The "enclosed correspondence" is a February 24, 2020 letter addressed only to Wilmington Savings Fund Society, FSB at the Anaheim address. Oak Creek also attached email correspondence between Oak Creek's counsel and Carrington Mortgage Services, LLC, which was located at the Anaheim address.

[7]As one of our sister courts has noted, "[w]e cannot affirm a default judgment unless it is clear from the face of the record upon whom the attempted service of process was made, where, when, how, and in what capacity." *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 231 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see HWAT, Inc. v. Agnew*, No. 02-20-00301-CV, 2021 WL 1229960, at *1 (Tex. App.— Fort Worth Apr. 1, 2021, no pet.) (mem. op.) (reversing default judgment when certified-mail receipt showing service of citation on HWAT's corporate registered agent did not show that the individual who signed the receipt had a connection to the corporate registered agent).

delivery is not the addressee or an agent otherwise capable of receiving service, service of process is invalid."). Oak Creek sought and received a no-answer default judgment.[8]

## B. Analysis

Oak Creek does not dispute that Appellants meet the definition of "financial institution" under Texas Finance Code Section 201.101.[9] *See* Tex. Fin. Code Ann. § 201.101. Civil Practice and Remedies Code Section 17.028 sets out the specific procedure for serving a "financial institution" defined by Finance Code Section 201.101. Tex. Civ. Prac. & Rem. Code Ann. § 17.028. Under Section 17.028, citation may be served by (1) serving the financial institution's registered agent; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state. *Id.* § 17.028(b). If citation is not properly served as provided by Section 17.028, then the financial institution "may maintain an action to set aside the default judgment." *Id.* § 17.028(d). As one of our sister courts has noted, "[w]hen a procedure for giving notice and obtaining jurisdiction is

---

[8]The default judgment states that Appellants were "duly and legally cited to appear and answer herein," that "[c]itation was served according to law," and that the court had "determined that it has jurisdiction over . . . the parties to this proceeding." However, "[w]hile ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a [no-answer] default judgment." *HSBC Bank*, 2022 WL 872474, at *2.

[9]To the contrary, in its appellate brief, Oak Creek states, "WSF is an out-of-state financial institution acting as the trustee for Stanwich."

6

statutorily established, that method is generally exclusive and the form prescribed must be followed with reasonable strictness." *Deutsche Bank Nat'l Tr. Co. v. Shepard*, No. 12-20-00178-CV, 2021 WL 1567928, at \*2 (Tex. App.—Tyler Apr. 21, 2021, no pet.) (mem. op.). A party suing a financial institution in Texas must serve process in accordance with Section 17.028; otherwise, service is ineffective. *Id.* at \*3; *see also Moss*, 644 S.W.3d at 137 ("Because [S]ection 17.028 is mandatory and provides the exclusive methods of service for financial institutions, the Bank was not properly served, and the default judgment rendered against it must be set aside.").

Error is apparent on the face of the record because Oak Creek did not serve Appellants pursuant to Section 17.028 (or even reference that section in its petition).[10] Accordingly, the trial court erred by granting the default judgment, and we sustain this part of Appellants' first issue, as well as its second and third issues as to lack of personal jurisdiction and entry of the default judgment.

## III. Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.

---

[10]Oak Creek argues that Carrington Mortgage Services, LLC "acted as the agent for WSF and Stanwich," but nothing in the record reflects that the mortgage servicer acted as Appellants' "registered agent" under Section 17.028.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  August 25, 2022