

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00426-CV

**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F**,
Appellant

v.

**HOCKESSIN HOLDINGS, INC., AS TRUSTEE OF THE LOST ARROW 25214 LAND TRUST**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI06649
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: November 30, 2022

REVERSED AND REMANDED

Appellant Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust F ("Wilmington Savings") brings this restricted appeal, arguing in two issues that appellee Hockessin Holdings, Inc., as Trustee of the Lost Arrow 25214 Land Trust ("Hockessin Holdings") failed to properly serve it resulting in an erroneous no-answer default judgment in favor of Hockessin Holdings.

Because Hockessin Holdings did not comply with Texas Civil Practice and Remedies Code section 17.028, which is "mandatory and provides the exclusive methods of service for financial institutions," we reverse and remand. *U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028.

## BACKGROUND

The underlying dispute concerns real property. After obtaining title to the property in dispute following the foreclosure of a homeowners' association lien, Hockessin Holdings sued Wilmington Savings, who held a superior lien on the property. Hockessin Holdings sued Wilmington Savings, seeking among other remedies, to quiet title in favor of Hockessin Holdings and declare it as sole owner of the property, without any liens or encumbrances, and declare all deeds of trust or subsequent assignments as void and extinguished.

Hockessin Holdings alleged in its petition that Wilmington Savings, a federal savings bank and foreign corporate fiduciary, had neither an office nor a designated agent in Texas, and thus based on various statutes, Wilmington Savings could be served through the Secretary of State. A citation was issued for Wilmington Savings and served on the Secretary of State. Based on this method of service and return, Hockessin Holdings then sought and obtained a no-answer default judgment on May 19, 2021, based on Wilmington Savings' failure to answer. Wilmington Savings filed a notice of restricted appeal on October 4, 2021.

## STANDARD FOR RESTRICTED APPEALS
## AND APPLICABLE LAW

Rule 30 of the Texas Rules of Appellate Procedure governs restricted appeals. *See* TEX. R. APP. P. 30. To prevail in a restricted appeal, an appellant must establish (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing resulting in the judgment complained

of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Rodriguez v. Gonzalez*, No. 04-21-00104-CV, 2022 WL 2230937, at *1 (Tex. App.—San Antonio June 22, 2022, no pet.) (mem. op.); *see also Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. App. P. 30). Only the last element is at issue in this restricted appeal.

Because a trial court lacks personal jurisdiction over a defendant who is not properly served with process, service must strictly comply with the rules. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020); *see also* Tex. R. Civ. P. 106. "Strict compliance" is construed "to mean just that." *Spanton*, 612 S.W.3d at 316. We indulge no presumptions in favor of valid issuance, service, or return of citation, and service of process failing to strictly comply is invalid and of no effect. *Id.* at 316–17. Moreover, strict compliance must affirmatively appear on the face of the record. *See id.* at 316; *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). In a restricted appeal, the face of the record consists of all the papers before the trial court when it rendered judgment, including all papers filed with the clerk. *See Sherrand v. Signad, Ltd.*, 637 S.W.3d 192, 196 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

"Whether service strictly complied with the statutes and rules is a question of law that we review de novo." *HSBC Bank USA, Nat'l Ass'n v. Kingman Holdings LLC*, No. 02-21-00087-CV, 2022 WL 872474, *3 (Tex. App.—Fort Worth March 24, 2022, no pet.) (mem. op) (citing *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.)). "When there is a specific statute that sets out the steps that must be taken for proper service, the inquiry is not whether the defendant had actual knowledge of the proceeding against [it] but rather whether that knowledge was conveyed to [it] in the required statutory manner." *Stanwich Mortg. Loan*

*Trust F v. Oak Creek Owners Ass'n*, No. 02-21-00382-CV, 2022 WL 3651973, *2 (Tex. App.—Fort Worth Aug. 25, 2022, no pet.) (mem. op.) (citing *HSBC Bank*, 2022 WL 872474, *3).

As this court recognized earlier this year, the Texas Supreme Court recently determined that section 17.028 provides the exclusive means for service of process on a financial institution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028; *Moss*, 644 S.W.3d at 137 ("[T]he Legislature intended for section 17.028 to provide the exclusive methods of service on financial institutions. We therefore hold . . . that compliance with section 17.028 is mandatory when the defendant is a financial institution."); *see also CR+ Enterprises, Inc. v. Deutsche Bank Nat'l Trust Co.*, No. 04-21-00206-CV, 2022 WL 2135541, at *2–*3 (Tex. App.—San Antonio June 15, 2022, no pet.) (mem. op.).

## ANALYSIS

Wilmington Savings is undisputedly a financial institution and must be served according to section 17.028.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028; *Moss*, 644 S.W.3d at 137; *see also* TEX. FIN. CODE ANN. § 201.101. Hockessin Holdings did not serve Wilmington Savings by (1) serving the financial institution's registered agent, or (2) if no registered agent, the president or a branch manager at any office located in this state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028(b). If citation is not properly served as provided by section 17.028, then the financial institution "may maintain an action to set aside the default judgment." *Id.* § 17.028(d).

Error is apparent on the face of the record because Hockessin Holdings did not serve Wilmington Savings pursuant to section 17.028. *See id.*; *Moss*, 644 S.W.3d at 137; *Spanton*, 612 S.W.3d at 316. Accordingly, the trial court erred by granting the default judgment, and a default

---

[1] Because section 17.028 of the Texas Civil Practice and Remedies Code provides the exclusive means for service of process for a financial institution, Hockessin Holdings' reliance on section 504.004 of the Texas Estates Code or section 17.044 of the Texas Civil Practice and Remedies Code to attempt to serve Wilmington Savings through the Texas Secretary of State was improper. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.028; *Moss*, 644 S.W.3d at 137.

judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived process, or entered an appearance. TEX. R CIV. P. 124; *Moss*, 644 S.W.3d at 137. We sustain Wilmington Savings' appellate issues.[2]

**CONCLUSION**

Having found that error is apparent on the face of this record, we must reverse the default judgment and remand this cause for further proceedings consistent with this opinion.

Irene Rios, Justice

---

[2] We note that while *Moss* and *CR+ Enterprises* were not decided when Hockessin Holdings filed suit or when it sought its default judgment, "[w]hen the applicable law changes during the pendency of the appeal, the court of appeals must render its decision in light of the change in the law." *Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex. 1993).