Maggie HARLEN and Frank S. Monfrey, d/b/a Brooklyn Street Bar, Appellants,

v.

Jimmy L. PFEFFER, Appellee.

No. 04–83–00082–CV.

Court of Appeals of Texas, San Antonio.

March 27, 1985.

Ann Livingston, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellants.

H. Jack Pytel, Jr., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a default judgment after the trial court denied the motions of Maggie Harlen and Frank S. Monfrey, d/b/a Brooklyn Street Bar to vacate the judgment and to grant a new trial. We reverse the judgment and remand the case for partial trial. We affirm the judgment in part.

Plaintiff Jimmy L. Pfeffer obtained a default judgment against defendants Harlen and Monfrey awarding him the sum of $25,000.00 with prejudgment and post-judgment interest, sixty percent interest in the inventory and equipment of the business (Brooklyn Street Bar) and $2,500.00 attorney's fees with interest. We address the ten points of error as a contention that the default judgment should be set aside and a new trial granted.

Although Harlen and Pfeffer were served with process, they filed no answer

and did not appear in the case. The original petition, filed in October 1982, stated that the three parties had entered into an oral agreement about September, 1981. The agreement was that Pfeffer would provide the money for the operation of the business, that is, to purchase equipment and inventory, but the title to the property would be in the defendants' names. In return for the $25,000.00, Pfeffer would receive a controlling sixty percent interest in the business plus the sum of $2,000.00 per month until the sum of $25,000.00 was repaid in full.

The allegations further were that no payments had been made and the two defendants now denied that Pfeffer had any interest in the inventory and equipment or in the business. These facts, stated the petition, showed the establishment of a constructive trust in favor of Pfeffer. The prayer requested an accounting of $25,000.00, a judicial determination that the inventory and equipment and/or sixty percent of the business was held in trust for Pfeffer, an injunction of the operation of the bar, an order of sale of the inventory and equipment and/or the bar, distribution of those proceeds, a judgment for $25,000.00, reasonable attorney's fees and any further relief to which Pfeffer was entitled.

The default judgment, in addition to many of the matters noted above, adjudged that a receiver be appointed to organize and supervise the sale of the inventory and equipment of the Brooklyn Street Bar and distribute sixty percent of the proceeds to Pfeffer.

In their motion for new trial Harlen and Monfrey stated by affidavit that each had contacted the attorney for Pfeffer and each had the impression no judgment would be taken pending further discussions. Additionally each swore that he or she was under the mistaken impression that the co-defendant would contact their named attorney, and the "unintentional mistake resulted in neither of us contacting our attorney prior to the entry of the Default Judgment." That motion was denied.

In their timely motion to vacate the judgment Harlen and Monfrey stated by affidavit that the terms of the oral agreement were that the first of the monthly payments would not be due until the cash flow of the bar was reasonably sufficient to allow payments of $2,000.00 each month. They alleged the cash flow had not been sufficient at any time to enable the first payment to be made. Each one stated he or she believed the other one would contact their attorney about the suit, and but for that mistake, a timely answer would have been filed. The motion was denied.

In both motions and in their appellate brief, Harlen and Monfrey state they will reimburse Pfeffer for his costs as well as attorney's fees in connection with the default judgment, and, therefore, he will suffer no harm.

■ *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) spells out the criteria to be established in order for the court to set aside a default judgment: (1) It must be shown that the defendant's failure to answer was the result of accident or mistake rather than intentional or conscious indifference. (2) The motion to set aside must allege a meritorious defense. (3) It must be shown that a new trial will not cause delay or injury to the plaintiff. *See also Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966).

#### ACCIDENT OR MISTAKE

■ The mistake shown by Harlen and Monfrey was that each thought the other had contacted the attorney to answer the suit when, in fact, neither had. A "slight" excuse for failure to answer can be sufficient to meet this test. *Beard v. McKinney*, 456 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). It is not necessary to establish the absence of negligence. *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 716 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The courts will liberally interpret this element. *Western Union Telegraph Co. v. McGinnis*, 508 S.W.2d 147, 150 (Tex.Civ.App.—San Antonio 1974, no writ). *See Nava v. Nation-*

**546**

*wide Financial Corp.,* 601 S.W.2d 478, 481 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). We hold the affidavit evidence was sufficient to show the failure to answer was the result of accident or mistake rather than conscious indifference.

## MERITORIOUS DEFENSE

In their last motion Harlen and Monfrey also allege that the petition on its face discloses the claim on the oral contract to be barred by the statute of frauds, relying on the number of payments necessary to repay the loan. They point out the contract is impossible of performance in one year. Further, as a meritorious defense, they state the terms of the oral agreement can be shown to be different from those set out in the petition. That is, the first payment would not be due until sufficient cash flow had been established over and above the operation expenses. Therefore, they maintain, they are not in default and have not breached the contract.

A defaulting defendant is required to set up a meritorious defense in the motion to set aside the judgment. *Craddock v. Sunshine Bus Lines, Inc., supra,* at 126. A meritorious defense is one, which, if proved, would cause a different result upon a retrial of the case. *Holliday v. Holliday,* 72 Tex. 581, 10 S.W. 690, 692 (1889); *Farley v. Clark Equipment Co.,* 484 S.W.2d 142, 147 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). But the result need not be totally opposite. *Folsom Investment v. Troutz,* 632 S.W.2d 872, 875 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.). The defendant must allege facts which constitute a *prima facie* defense to the plaintiff's claim. *Pierson v. McClanahan,* 531 S.W.2d 672, 675 (Tex. Civ.App.—Austin 1975, writ ref'd n.r.e.). The legal sufficiency of the facts alleged by the defendant may be challenged by the plaintiff. *See e.g. Farley v. Clark Equipment Co., supra,* at 147 (challenging the legal sufficiency of elements of binding contract as alleged). We hold that the affidavits of Harlen and Monfrey set out two meritorious defenses.

It is not necessary that these meritorious defenses be dispositive upon a retrial of the case. *Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554, 556 (Tex.Comm'n App.1926, holding approved). Once the defendant has met the burden of setting up by evidence or affidavits *prima facie* a meritorious defense, it is improper to try the defensive issues made by the motion and pleadings. The motion for new trial should not be denied upon consideration of counter affidavits or contradictory testimony offered in resistance to such motion. *Farley v. Clark Equipment Co., supra,* at 147.

## FAIR NOTICE

In a default judgment case the plaintiff's petition must state an ascertainable cause of action and the relief sought if a default judgment based upon it is to withstand a direct appeal. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). A defendant is entitled to fair notice of the claims against him. *Village Square, Ltd. v. Barton,* 660 S.W.2d 556, 559 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (citations omitted). In the present case the original petition alleges that an oral contract was entered into by the parties wherein Pfeffer contributed $25,000.00 to the defendants in order for them to begin operation of the bar. In return for the money he was to receive a sixty percent interest in the business (inventory and equipment) as well as the repayment of the money in monthly installments. All parties agree in their pleadings that a loan was provided that was to be repaid. There is a dispute as to the enforceability of the contract. However, we cannot say the defendants did not receive fair notice of the claim. Further, although conclusory allegations are made as to the sixty percent interest, the petition also provided fair notice of that claim.

It is established a default judgment operates as an admission of the material facts alleged in plaintiff's petition, except as to unliquidated damages. *Village*

*Square, Ltd. v. Barton, supra,* at 559 (citations omitted). Proof is required only with respect to damages that are unliquidated or are not proved by an instrument in writing. It is noteworthy that, although the affidavits of Harlen and Monfrey admit that they would repay the loan at $2,000.00 each month, they still maintain the contract is barred by the statute of frauds. We find the petition sufficiently alleges a cause of action for a *claim* of $25,000.00 owed to Pfeffer by the defendants.

 We find that the claim for sixty percent interest in the inventory and equipment was plainly alleged in the petition and fair notice of it given. Since the pleadings and evidence disclose that money was loaned to defendants over a period of four or five months, it follows that the consideration of ownership of sixty percent interest in the bar became effective upon receipt of the agreed sum. No meritorious defense against this has been alleged. Accordingly, we find the pleadings, as well as the default judgment proof, were sufficient to sustain an award of this interest. Moreover, this is in no way refuted by the defendants' argument concerning the time for repayment of the loan. The end result is that Pfeffer has a *claim* for repayment of a loan in the sum of $25,000.00, which may or may not be a voidable oral contract. However, his claim of a sixty percent interest in the inventory and equipment, as awarded by the default judgment, will be upheld. Further, we affirm the judgment impressing the constructive trust on the sixty percent interest as alleged in the pleadings.

However, the judgment for appointment of a receiver cannot be affirmed as there are no supporting pleadings. We reverse as to the appointment of a receiver.

Upon retrial it will have previously been established that a loan of money was made to defendants as the result of an oral contract. It will likewise have been established that Pfeffer owns a sixty percent interest in the inventory and equipment or proceeds of the sale of those items with a constructive trust impressed thereon. The judgment regarding these matters is affirmed.

We reverse the judgment and remand for trial on the merits as to repayment of the loan thereby permitting assertion of the defenses properly before the trial court on retrial. We reverse the judgment as to the appointment of a receiver and the award of attorney's fees.

Harlen and Monfrey urged that no undue delay and no injury to Pfeffer will result upon a retrial. They repeatedly offered to pay all reasonable costs in connection with the default judgment. *See Craddock v. Sunshine Bus Lines, Inc., supra,* at 126.

The judgment of the trial court is affirmed in part and reversed and remanded in part. Costs are taxed against the defendants, Harlen and Monfrey.

REEVES, J., concurs in result without opinion.