Les **NORTON**, In His Official Capacity As Civil Service Director of The City of Laredo and The City of Laredo, Appellant,

v.

Orlando **MARTINEZ**, Appellee.

No. 04–96–00071–CV.

Court of Appeals of Texas, San Antonio.

Nov. 13, 1996.

**900**

Fausto Sosa, City Attorney, Jerry Bruce Cain, Assistant City Attorney, Laredo, for appellant.

Ben M. Sifuentes, Jr., Combined Law Enforcement Associations of Texas, San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

This is an appeal from a default judgment entered against appellants, the City of Laredo and Les Norton, in his official capacity as Civil Service Director of the City of Laredo. In six points of error, appellants contend that 1) the trial court abused its discretion in refusing to set aside the default judgment; and 2) the evidence is legally and factually insufficient to support the judgment. We reverse and remand.

### Factual and Procedural Background

Appellee, Orlando Martinez, is employed as a police officer with the City of Laredo, Texas. On November 18, 1993, he took a promotional exam. Appellee contends that, based upon his score on the exam, he was ranked number one on the eligibility list for promotion to the position of sergeant before the list expired on November 18, 1994. However, appellee was not promoted to the position of sergeant in spite of the fact that there were two openings for the position during the period in which his score was valid. Appellee was offered no explanation for the police department's failure to promote him.

Appellee sued for declaratory, injunctive, and mandamus relief, seeking to compel appellants to promote him to the rank of sergeant or to provide an explanation for not doing so pursuant to the Texas Local Government Code and the Collective Bargaining Agreement between the City of Laredo and the Laredo Police Officers' Association.[1] Appellants failed to timely answer appellee's petition. Consequently, the trial court entered a default judgment against appellants pursuant to Tex.R. Civ. P. 239.

Appellants filed a motion for new trial in which they 1) alleged that their failure to answer was not intentional, 2) set forth a meritorious defense to the claims against them, and 3) extended an offer to take the case immediately to trial and to reimburse appellee for expenses incurred in obtaining the default judgment. The motion was overruled by operation of law and this appeal ensues.

### Arguments on Appeal

#### A. Sufficiency of the Evidence

■ In their sixth point of error, appellants contend that the evidence is both legally and factually insufficient to support the

---

1. Under both the Local Government Code and the Collective Bargaining Agreement, when a vacancy presents itself, the Chief of Police is to request from the Civil Service Director the names of the three persons having the highest grades on the eligibility list for that position. *See* Tex. Loc. Gov't Code Ann. § 143.036(b) (Vernon 1988). The Chief of Police shall appoint the person with the highest grade on the eligibility list, unless he has a valid reason for not doing so. Tex. Gov't Code Ann. § 143.036(f)(Vernon Supp. 1996). If the individual with the highest grade on the eligibility list is bypassed for promotion, the Chief of Police is to personally discuss the reason for the bypass with that individual before appointing another person. *Id.*

judgment against them. Specifically, appellants claim that the record does not support a finding that there was a vacancy in the rank of sergeant after appellee became the number one candidate on the eligibility list. As such, appellants argue that appellee is not entitled to be promoted or to be given a reason for not being promoted pursuant to section 143.036(f) of the Texas Local Government Code.

In cases of default judgment, the defendant's failure to answer represents an admission of all facts properly set forth in the plaintiff's petition. *Welex v. Broom*, 806 S.W.2d 855, 863 (Tex.App.—San Antonio 1991), *vacated on other grounds*, 816 S.W.2d 340 (Tex.1991); *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 304 (Tex.App.—Dallas 1988, no writ). As a result, a default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). In the present case, appellee's pleadings establish facts which, if true, support appellants' liability under section 143.036(f) of the Texas Local Government Code. Appellants may not now challenge the sufficiency of the evidence where their failure to answer constitutes an admission of such liability. *See Holt Atherton Indus., Inc. v. Heine*, 797 S.W.2d 250, 252 (Tex.App.—Corpus Christi 1990), *rev'd on other grounds*, 835 S.W.2d 80 (Tex.1992). Appellants' sixth point of error is overruled.

**B. Motion for New Trial**

In their first through fifth points of error, appellants contend that the trial court erred in denying their motion for new trial and refusing to set aside the default judgment. The granting or denial of a motion for new trial is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). The standard for granting a motion for new trial and setting aside a default judgment was established in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 82–83 (Tex.1992)(reaffirming *Craddock* test).

Under *Craddock*, a default judgment should be set aside in any case in which the defendant demonstrates 1) that its failure to answer was not intentional or the result of conscious indifference; 2) that it has a meritorious defense; and 3) that the granting of a new trial will not operate to cause delay or other injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. The historical trend in default judgment cases is toward the liberal granting of new trials. *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex.App.—Tyler 1995, no writ). As such, where the elements of the *Craddock* test are satisfied, it is an abuse of discretion for the trial court to deny the defendant a new trial. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994).

*1. Conscious Indifference*

In order to satisfy the first prong of the *Craddock* test, the defaulting party must establish that its failure to answer was due to a mistake or accident rather than the result of conscious indifference. *Craddock*, 133 S.W.2d at 126. Conscious indifference has been interpreted to mean a failure to take some action which would seem obvious to a reasonable person in the same circumstance. *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex.App.—Houston [14th Dist.] 1995, no writ)(quoting *Johnson v. Edmonds*, 712 S.W.2d 651, 653 (Tex.App.—Fort Worth 1986, no writ)). Courts have continually applied this prong of the *Craddock* test liberally, considering each case on an *ad hoc* basis. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Harlen v. Pfeffer*, 693 S.W.2d 543, 545 (Tex.App.—San Antonio 1985, no writ).

The absence of a purposeful or bad faith failure to answer is the controlling fact under this analysis. *See Craddock*, 133 S.W.2d at 125. Accordingly, the defaulting party must provide "some excuse, but not necessarily a good excuse" for failing to answer in a timely manner. *Id.; see Gotcher*, 757 S.W.2d at 401 (finding that "even a slight excuse will suffice"). If the factual assertions in the defendant's motion for new trial and accompanying affidavits are not controverted, the defendant satisfies its burden if it

sets forth facts that, if true, negate intent or conscious indifference. *Strackbein*, 671 S.W.2d at 38–39. In determining whether the defendant's assertions are controverted, the court looks to all of the evidence in the record. *Evans*, 889 S.W.2d at 269.

In the present case, appellants have alleged facts in their motion for new trial which demonstrate that their failure to answer was neither intentional nor a result of conscious indifference. The affidavit of Jerry Bruce Cain, the assistant city attorney assigned to this case, reveals that, as a general practice, all suits filed against the City of Laredo are forwarded to the city attorney, who then forwards them to the city's insurance administrator for a determination as to coverage. If the claim is covered, the insurance administrator assigns the case to an independently retained attorney with no further communication to the city attorney. If the claim is not covered, the insurance administrator notifies the city attorney so that the proper action may be taken.

In this case, when the city received appellee's claim, it was forwarded to the insurance administrator according to procedure. However, when the insurance administrator denied coverage, the city attorney's office was not notified. Instead, the notice of denial of coverage was sent to Florencio Peña, the Director of Administrative Services for the City of Laredo. Peña stated in his affidavit that he was not aware that the matter was urgent, and therefore, did not notify the city attorney's office. Having received no notice from the insurance administrator regarding coverage of the claim, the city attorney's office was under the impression that the claim was covered, and was, therefore, unaware of the need to answer the suit. These facts do not indicate that appellants inten-

tionally failed to answer the suit or were consciously indifferent to it.[2]

Furthermore, we find nothing in the record to contradict appellants' assertions. The affidavits of both Cain and Peña are attached to appellants' motion for new trial. These affidavits establish that appellants' failure to answer was a direct result of a miscommunication between the City of Laredo and its insurance administrator. Appellee made no response to appellants' motion and there is nothing in the record to contradict the factual allegations contained in the affidavits.

■ In the absence of controverting evidence that appellants' failure to appear was due to an intentional act or conscious indifference, appellants' affidavits should be taken as true. *Evans*, 889 S.W.2d at 269; *see Bank One*, 830 S.W.2d at 84–85 (holding that where plaintiff did not controvert defendant's assertion of mistaken belief, conscious indifference was negated). As such, appellants have satisfied the first prong of the *Craddock* test by negating intentional or consciously indifferent conduct through the facts alleged in the affidavits of Cain and Peña.

### 2. Meritorious Defense

■ In order to satisfy the second prong of the *Craddock* test, the defaulting party must set up a meritorious defense by alleging facts, supported by affidavit, which in law would constitute a defense to the cause of action pled by the plaintiff. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex.1993). A meritorious defense is one, that if ultimately proved, will cause a different result when the case is tried again. *Harlen*, 693 S.W.2d at 546.

■ *Craddock* requires that the defendant "set up" a meritorious defense, not that it prove one. *Ivy v. Carrell*, 407 S.W.2d 212,

---

**2.** Numerous courts have found that a defendant's failure to answer under similar circumstances did not rise to the level of intentional disregard or conscious indifference. *See, e.g., Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex.1994)(insurance company mistakenly placed citation with other documents); *Strackbein*, 671 S.W.2d at 39 (secretary did not mail documents because she thought the defendant had done it); *Craddock*, 133 S.W.2d at 125 (insurance company inadvertently placed citation with mail not

needing immediate attention); *State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578, 582 (Tex. App.—Houston [1st Dist.] 1990, writ denied)(insurance company made filing mistake); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 695 (Tex.App.—Dallas 1989, no writ) (citation lost in interoffice transmittal); *Southland Paint Co. v. Thousand Oaks Racket Club*, 724 S.W.2d 809, 811 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (failure to answer due to staff shortage at insurance company).

214 (Tex.1966); *State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578, 584 (Tex.App.—Houston [1st Dist.] 1990, writ denied). In fact, once evidence of a meritorious defense is established, the allegations supporting it must be taken as true in spite of controverting evidence. *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex.App.—Corpus Christi 1990, writ denied).

On motion for new trial, appellants filed the affidavit of the Laredo Chief of Police, Jose Luis Martinez. Martinez claimed that after the promotion eligibility test for the position of sergeant was administered on December 13, 1993,[3] appellee was ranked number three on the eligibility list. Martinez stated that a vacancy occurred in late December of 1993, and he promoted the individual ranked number one on the list to the position of sergeant, moving appellee from the number three spot to the number two spot on the list. In May of 1994, another vacancy occurred and, again, Martinez promoted the individual ranked number one on the list to the position of sergeant, moving appellee from the number two spot to the number one spot on the list. Martinez stated that no further vacancies occurred before the list expired one year after it was created.

If, in fact, no vacancies occurred after appellant was advanced to the number one position on the eligibility list, he was not entitled to be promoted or to be given a reason for not being promoted pursuant to TEX. LOC. GOV'T CODE ANN. § 143.036(f). Accordingly, appellants have successfully set up a meritorious defense in satisfaction of the second prong of the *Craddock* test.

### 3. No Delay or Injury

In order to satisfy the third prong of the *Craddock* test, the defaulting party must establish that the granting of its motion for new trial would not occasion a delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. Important factors to consider in determining whether delay or injury will occur are 1) whether the defendant has offered to reimburse the plaintiff for the costs involved in obtaining the default judgment; and 2) whether the defendant is ready, willing, and able to go to trial. *Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 98 (Tex.1986). However, these factors are not preconditions to a finding of no delay or injury; rather, the issue is one of equity and should be dealt with on a case by case basis. *Id.*

In their motion for new trial, appellants allege that a new trial would neither delay nor prejudice appellee because appellants are ready to try the case as soon as it is properly set for trial. Additionally, appellants have offered to reimburse appellee for the costs and expenses incurred in taking the default judgment. Once a defendant has tendered prima facie evidence that the granting of a new trial will not delay or otherwise injure the plaintiff, the burden shifts to the plaintiff to show proof of injury. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex.1987). Appellee did not respond to appellants' motion for new trial and has not otherwise offered evidence to rebut appellants' showing of no undue delay or injury. Accordingly, appellants have satisfied the third prong of the *Craddock* test.[4]

Appellants have successfully satisfied all three elements of the *Craddock* test. As such, we find that the trial court abused its discretion in overruling appellants' motion for new trial and in failing to set aside the default judgment. Appellants' first through fifth points of error are sustained. The judgment of the trial court is reversed and this case is remanded for trial on the merits.

---

3. Appellee contends that the eligibility list in question was created on November 18, 1993. For purposes of this analysis, the exact date on which the list was created is irrelevant.

4. It should be noted that the amount of reasonable expenses that appellants must pay pursuant to their offer to reimburse appellee for the costs and expenses incurred in taking the default judgment should be determined at a hearing conducted by the trial court for that purpose. *See Mosharaf*, 794 S.W.2d at 586.