No. 04-99-00130-CV



MATERNIDAD DE LOS SANTOS,


Appellant



v.



Martha GONZALEZ, As Next Friend of Eduardo Gonzalez, A Minor Child,


Appellee



From the 365th Judicial District Court, Maverick County, Texas


Trial Court No. 97-06-14587-CV-A


Honorable Amado Abascal III, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: April 12, 2000


REVERSED AND REMANDED


 This appeal arises from the denial of a motion for new trial and to set aside a default
judgment. Martha Gonzalez, as next friend of Eduardo Gonzalez, a minor child, filed an original
petition alleging medical malpractice while under the care of Ramiro de los Santos, M.D. of
Maternidad de los Santos ("Maternidad") for the delivery of her new born child, Eduardo Gonzalez.
The trial court rendered a default judgment in favor of Gonzalez upon the failure of Maternidad to
answer following service of process. In a single issue on appeal, Maternidad contends that the trial
court abused its discretion in denying the motion for new trial. We reverse the judgment of the trial
court and remand the case for trial.

Factual and Procedural Background

 Martha Gonzalez gave birth to Eduardo Gonzalez on May 5, 1985. At the time of his birth,
Eduardo received a permanent birth injury called Erb's Palsy, which incapacitated his arm. Martha
filed an original petition on June 25, 1997 against Dr. Ramiro de los Santos and his clinic,
Maternidad de los Santos. On June 26, 1997, de los Santos was served with two citations, one for
himself and one for Maternidad, of which he is an agent. Dr. de los Santos filed an answer on July
18, 1997. On September 9, 1998, more than a year later, the trial court entered a default judgment
against Maternidad for $2,100,000. Subsequently, Maternidad filed an original answer and a motion
for new trial on September 24, 1998. On November 24, 1998, the trial court denied the motion for
new trial and ordered a severance.(1) On November 30, 1998, Maternidad requested findings of facts
and conclusions of law from the court. Maternidad filed a second motion for new trial on December
22, 1998,(2) which was overruled as a matter of law. On January 12, 1999, the trial court filed
findings of fact and conclusions of law.

 On appeal, Maternidad complains that the default judgment should have been set aside and
a new trial granted because its failure to file an answer was due to accident or mistake and not
conscious indifference; further, Maternidad contends that it demonstrated a meritorious defense and
established that the granting of a new trial would not delay the proceeding or injure the plaintiff.

Motion for New Trial

 To determine whether the trial court erred by failing to set aside the default judgment, we
must assess whether the trial court abused its discretion. See Strackbein v. Prewitt, 671 S.W.2d 37,
38 (Tex. 1984). A trial court has wide discretion in granting a new trial, and the trial court's
discretion will not be disturbed on appeal absent a showing of a manifest abuse of discretion. See
Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988). A trial court
abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding
rules and principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).

 Whether the trial court should grant a motion for new trial to set aside a proper default
judgment is determined by using the standard set out in Craddock v. Sunshine Bus Lines, Inc., 134
Tex. 388, 393, 133 S.W.2d 124, 126 (Tex. Com. App. 1939). See Holt Atherton Industries, Inc. v.
Heine, 835 S.W.2d 80, 82 (Tex. 1992) (reaffirming the Craddock test). Under this standard, a trial
court may set aside a default judgment and order a new trial in any case in which: (1) the failure of
the defendant to answer before judgment was not intentional, or the result of conscious indifference
on his part, but was due to a mistake or an accident; (2) provided that the motion for new trial sets
up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay
or otherwise work an injury to the plaintiff. See Craddock,133 S.W.2d at 126. If the facts
underlying the default judgment are disputed, the trial court may, but is not required to, make
findings in support of its ruling. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 940
(Tex. App.--Austin 1987, no writ).

 In making its determination, the trial court should exercise liberality in favor of a defaulted
party. See Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex. App.--San Antonio 1987, no writ). When
a defendant satisfies the Craddock test, the trial court must set aside the default judgment. See
Director, State Employees Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).
When the guidelines of Craddock are satisfied, it is an abuse of discretion to deny the defendant a
new trial. See id. 

1. Conscious Indifference

 To begin the analysis, we must first determine whether Maternidad established that its failure
to answer was due to a mistake or accident rather than the result of conscious indifference. See
Craddock, 133 S.W.2d at 126. Conscious indifference exists when the defaulted party fails to take
some action which would seem obvious to a reasonable person in the same or similar circumstances.
See Norton v. Martinez, 935 S.W.2d 898, 901 (Tex. App.--San Antonio 1996, no writ).

 The defaulting party must provide some excuse, but not necessarily a good excuse for failing
to answer in a timely manner. See Norton, 935 S.W.2d at 901; Gotcher v. Barnett, 757 S.W.2d 398,
401 (Tex. App.--Houston [14th Dist.] 1988, no writ) (finding that "even a slight excuse will
suffice"). The absence of a purposeful or bad faith failure to answer is the controlling factor under
this analysis. See Craddock, 133 S.W.2d at 125.

 Moreover, when a defendant relies on his agent to file an answer, he must demonstrate that
both he and his agent were free of conscious indifference. See Holt Atherton Industries, 835 S.W.2d
at 83. Because de los Santos was Maternidad's agent, Maternidad must show that de los Santos's
failure to answer was due to a mistake or accident rather than intentional or due to conscious
indifference. See id.

 In the instant case, Maternidad alleged facts in its motion for new trial which demonstrates
that its failure to answer was neither intentional nor a result of conscious indifference. The motion
for new trial was accompanied by an affidavit from de los Santos. In his affidavit, de los Santos
indicated that he did not recall receiving two separate citations. He explained that he forwarded a
citation, along with plaintiff's original petition, to his insurance carrier, and that he expected his
insurance company to retain counsel to represent both him and Maternidad. At the time de los
Santos forwarded plaintiff's original petition and citation to his insurance company, he assumed that
whoever was hired to represent him would also file an answer on behalf of Maternidad. Dr. de los
Santos also stated that he did not realize that a separate answer would have to be filed for
Maternidad. Had he realized, he would have ensured that an answer was filed on behalf of
Maternidad. Likewise, de los Santos believed that the attorney who filed an answer on his personal
behalf would also file on behalf of Maternidad. Moreover, the motion for new trial alleges that after
receiving the citation and the petition, the insurance company filed an answer in behalf of de los
Santos, but did not file an answer in behalf of Maternidad because Maternidad was not insured under
the policy.

 Accordingly, these facts alleged in the affidavit and motion for new trial offer some excuse
for the mistake and do not indicate that Maternidad was consciously indifferent to the suit or
intentionally failed to answer. See Norton, 935 S.W.2d at 902 (holding that the failure to answer
was an accident or mistake where there was no notice from insurance administrator that the claim
was not covered, the city attorney's office was under the impression the claim was covered and was
unaware of the need to answer). The affidavit evidence was sufficient to show the failure to answer
was the result of accident or mistake rather that conscious indifference. See Harlen v. Pfeffer, 693
S.W.2d 543, 546 (Tex. App.--San Antonio 1985, no writ) (asserting affidavit was sufficient to
show accident or mistake where both defendants thought the other had contacted the attorney to
answer the suit when neither had).

 Furthermore, if the factual assertions in the defendant's motion for new trial and
accompanying affidavits are not controverted, the defendant satisfies its burden if it sets forth facts
that, if true, negate intent or conscious indifference. See Strackbein, 671 S.W.2d at 38-39. In
determining whether the defendant's assertions are controverted, the court considers all of the
evidence in the record. See Norton, 935 S.W.2d at 901. In the instant case, Gonzalez claims that
Maternidad's assertions are controverted because of de los Santos's familiarity with the legal system.
 See Young v. Kirsch, 814 S.W.2d 77, 81 (Tex. App.--San Antonio 1991, no writ). During the
hearing on the motion for new trial, Gonzalez introduced an article from the Eagle Pass newspaper
identifying four lawsuits filed against de los Santos in one week. Further, Gonzalez contends that
de los Santos's excuse for failing to answer was not credible because he had sufficient knowledge
to file an answer within the time required. Although de los Santos must have been familiar with the
legal system--after all, he did forward his citation to his insurance company, he was mistaken in his
belief that his insurance company would answer for Maternidad. A mistake does not equate to
conscious indifference. Here, Gonzalez has not controverted Maternidad's assertion of mistaken
belief. As such, Maternidad has satisfied the first prong of the Craddock test by negating intentional
or consciously indifferent conduct through the facts alleged in the affidavit of de los Santos. See
Norton, 935 S.W.2d at 902.

2. Meritorious Defense

 To satisfy the second prong of the Craddock test, the defaulting party must set up a
meritorious defense by alleging facts, supported by affidavit, which in law would constitute a defense
to the cause of action pled by the plaintiff. See Estate of Pollack v. McMurrey, 858 S.W.2d 388, 392
(Tex. 1993); Norton, 935 S.W.2d at 902. A meritorious defense is one, that if ultimately proved, will
cause a different result when the case is tried again. See Norton, 935 S.W.2d at 902; Harlen, 693
S.W.2d at 546. Moreover, Craddock requires that the defendant "set up" a meritorious defense, not
that it prove one. See Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966); Norton, 935 S.W.2d at 902.
In fact, once evidence of a meritorious defense is established, the allegations supporting it must be
taken as true in spite of controverting evidence. See Norton, 935 S.W.2d at 903.

 In the instant case, Maternidad claimed three meritorious defenses on the motion for new
trial. Specifically, Maternidad asserted: that it has met the standard of care; that no proximate cause
has been established; and finally, that Gonzalez failed to comply with the provisions of the Medical
Liability and Insurance Act by not posting the appropriate bond and not providing Maternidad with
an expert report.

 Initially, Plaintiff's original petition alleged that Maternidad failed to use ordinary care in the
treatment of Martha and Eduardo Gonzalez. As a defense, Maternidad asserted that it has met the
appropriate standard of care. Dr. de los Santos's affidavit specifically indicated that he and
Maternidad complied with the proper standard of care. Moreover, de los Santos contended in his
affidavit that Maternidad developed, employed, monitored and followed appropriate policies and
procedures with regard to the assessment, treatment, management, and oversight of Eduardo
Gonzalez. Likewise, Maternidad trained, employed, and provided appropriate personnel to carry out
its policies. Thus, Maternidad established a defense to Gonzalez's complaint. Because it established
a meritorious defense, Maternidad has satisfied the second prong of the Craddock test.

3. No Delay or Injury

 To satisfy the third prong of the Craddock test, the defaulting party must establish that the
granting of its motion for new trial would not occasion a delay or otherwise work an injury to the
plaintiff. See Craddock, 133 S.W.2d at 126. In determining whether delay or injury will occur to
the plaintiff, the court considers whether the defendant has offered to reimburse the plaintiff for the
costs involved in obtaining a default judgment and whether the defendant is ready, willing, and able
to go to trial. See Angelo v. Champion Restaurant Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986);
Norton, 935 S.W.2d at 903.

 In the instant case, Maternidad claimed in its motion for new trial that a new trial would
neither delay nor prejudice Gonzalez because Maternidad was willing and able to proceed to trial
immediately. Moreover, Maternidad offered to reimburse Gonzalez for the reasonable costs and
expenses incurred in taking the default judgment. Having presented prima facie evidence that the
granting of a new trial will not delay or otherwise injure the plaintiff, the burden then shifts to
Gonzalez to show proof or injury. See Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987); Norton,
935 S.W.2d at 903. Gonzalez, however, has not offered evidence to rebut Maternidad's showing of
no injury or undue delay. Since Gonzalez did not rebut Maternidad's showing of no injury,
Maternidad has established that the granting of new trial would not cause undue delay or injury.
Accordingly, Maternidad has satisfied the third prong of the Craddock test.

 Because Maternidad has successfully satisfied all three elements of the Craddock test, we
find that the trial court abused its discretion in overruling Maternidad's motion for new trial and in
failing to set aside the default judgment. As a result, we reverse the judgment of the trial court and
remand this case for trial on the merits.


 Alma L. López, Justice

DO NOT PUBLISH

1. When the trial court renders a non-answer default judgment, the judgment is not presumed to dispose of all
parties and all issues. See Martinez v. Humble Sand & Gravel, Inc., 875 S.W.2d 311, 312 (Tex. 1994). Likewise, if
the plaintiff's petition names multiple defendants, and the plaintiff obtains a no-answer default judgment against one
of the defendants, the default judgment is interlocutory and cannot be appealed until the trial court either renders a final
judgment in the case or signs an order of severance making the interlocutory default judgment final. See Tex. R. Civ.
P. 240; Twenty-Four Thousand One Hundred and Eighty ($24,180.00) Dollars in U.S. Currency v. State, 865 S.W.2d
181, 188 (Tex. App.--Corpus Christi 1993, writ denied). Here, the default judgment became final and appealable on
November 24, 1998 when the court signed an order of severance. See Tex. R. Civ. P. 306a; Martinez, 875 S.W.2d at
313 (affirming that when a severance order takes effect, the appellate time table runs from the signing date of the order
that made the judgment "final" and appealable).
2. This court may not consider grounds articulated in a second motion for new trial filed within the court's plenary
jurisdiction, but more than thirty days after the judgment is signed. See Tex. R. Civ. P. 329b (providing time for filing
motions); Kalteyer v. Sneed, 837 S.W.2d 848, 850-51 (Tex. App.--Austin 1992, no writ); Homart Dev. Co. v. Blanton,
755 S.W.2d 158, 160 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding) (citing Roy W. McDonald, 4 Texas
Civil Practice in District and County Courts § 18.06.2, at 287 (1984)).