*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00739-CV

Mauro **PADILLA** a/k/a Mauro Padilla, III,
Appellant

v.

**HOLLERMAN** Development, L.P.,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-06192
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  April 29, 2009

AFFIRMED

Hollerman Development, L.P. sued Mauro Padilla for breach of contract and a suit on a sworn account.  Padilla failed to answer to the suit, and the trial court entered a default judgment against him.  Padilla filed a motion for a new trial, which was denied.  Padilla appeals, arguing: 1) the affidavit presented was insufficient to obtain substituted service; and 2) the trial court abused its discretion in denying Padilla's motion for a new trial.  We affirm the order of the trial court.

## BACKGROUND

Hollerman filed a breach of contract suit and a suit on a sworn account against Padilla. Hollerman attempted to serve Padilla at his home on four separate occasions. The first unsuccessful attempt at service was made on a Wednesday afternoon, and no one answered. Service was attempted again the following Saturday morning; someone at the residence advised the processor that Padilla was out of town and due back the following Thursday. That Thursday, service was attempted again, and again there was no answer. A final attempt was made the following Saturday morning, but Padilla was not home.

Hollerman then filed a Rule 106 motion supported by the affidavit of Edrick Alviso, the process server. The motion was heard and granted. The order provided that service could be completed by leaving a copy of the citation, along with a copy of Hollerman's original petition, with anyone over 16 years of age or by attaching a copy of the citation and petition to the main entrance of Padilla's home. The process server served Padilla by attaching the documents to the front door of his home. Padilla found the papers "beat up" and in the bushes outside his home.

Upon finding the papers, Padilla took them to his real estate attorney, who told Padilla he had not been properly served and to wait and see what happened. Because Padilla failed to answer, the trial court entered a default judgment against him. Padilla filed a motion for new trial. After hearing testimony, the trial court denied his motion. This appeal followed.

## SUBSTITUTED SERVICE

In his first issue, Padilla complains the trial court erred in granting Hollerman's Rule 106 motion, because the affidavit presented was insufficient to obtain substituted service. Rule 106(b) states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . at the location named in such affidavit but has not been successful, the court may authorize service
>
> > (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
> >
> > (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). Substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

After attempting to serve Padilla at his home on four separate occasions, Hollerman filed his motion for substituted service with the trial court. As required by Rule 106(b), Hollerman supported his motion with an affidavit of the process server, Alviso. Padilla argues the affidavit was conclusory and insufficient, as it did not set forth sufficient facts showing more than one meaningful attempt to serve Padilla. Consequently, Padilla contends that because the affidavit could not support a Rule 106 motion, no personal jurisdiction was acquired over Padilla, and the judgment was void. We disagree.

Rule 106 requires the supporting affidavit provide facts showing service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). Alviso's affidavit included Padilla's home address, as well as the specific dates and times at which he attempted to serve Padilla at his home. In addition, it provided details regarding his conversation with someone at Padilla's house during one of these attempts, when Alviso was told Padilla was on vacation and would return that Thursday. The affidavit also reflected Alviso's attempt to serve Padilla on the day he was to return, as well as an additional attempt the following Saturday. Based on the facts included in Alviso's affidavit, it was sufficient to support Hollerman's Rule 106 motion for substituted service, and the trial court did not err in granting the motion. Padilla's first issue is overruled.

### MOTION FOR NEW TRIAL

In his second issue, Padilla contends the trial court abused its discretion in denying his motion for new trial. Granting or denying a motion for new trial is within the trial court's sound discretion, and will not be disturbed on appeal absent abuse of that discretion. *Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no writ). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

A trial court must set aside a default judgment and grant a motion for a new trial when the test articulated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939) is satisfied. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). According to *Craddock*, a default judgment should be set aside when it is demonstrated that: (1) the party's failure to appear was not intentional or the result of conscious indifference; (2) there is a

meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Id.* The historical trend in default judgment cases is toward the liberal granting of new trials. *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.—San Antonio 2002, pet. denied). Thus, where the elements of the *Craddock* test are satisfied, it is an abuse of discretion for the trial court to deny a motion for new trial. *Evans*, 889 S.W.2d at 268.

"The *Craddock* standard is one of intentional or conscious indifference—that the defendant *knew* it was sued but did not care." *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168-69 (Tex. 2008) (*quoting Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575-76 (Tex. 2006) (per curiam)). The Texas Supreme Court has held that "some mistakes of law may negate a finding of intentional conduct or conscious indifference" and therefore satisfy the first prong of the *Craddock* test. *Walker*, 111 S.W.3d at 64. However, "not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse." *Id.* (*quoting Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). In determining whether the failure to answer was not intentional or the result of conscious indifference but rather due to accident or mistake, we look to the knowledge and acts of the claimant. *Id.* (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984)). Generally, when the claimant relies on an attorney to file an answer, the claimant must establish that the failure to answer was not intentional or the result of the conscious indifference of either himself or his attorney. *See, e.g., Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993) (citations omitted).

Padilla argues his failure to answer the lawsuit was due to mistake, not conscious indifference. He notes that once he found the papers, he took them to his real estate attorney the

following day. The attorney told Padilla that he had not been properly served and to wait until he was properly served to answer. Padilla argues that in going to his attorney for advice and acting on his attorney's recommendation, his conduct was far from "consciously indifferent." Padilla further contends that even if the service was valid, the attorney's conclusion that Padilla had not been properly served was a mistake of law which satisfies *Craddock*. We disagree.

Review of the Texas Supreme Court's line of cases exploring this issue reveals the court's determination that mistake of law usually results when a party's mistake caused him to respond affirmatively, but ineffectively, to the notice. In *Bank One*, the court considered six "mistake of law" cases under the *Craddock* test, illustrating that action rather than inaction separated satisfactory mistakes of law from those which did not excuse a default. *Bank One*, 830 S.W.2d at 83-84. *See Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 96, 97 (Tex. 1986) (court finds sufficient mistake of law when defendant mistakenly believed paying the underlying claim was a sufficient response to the suit and therefore no answer was required); *Gotcher v. Barnett*, 757 S.W.2d 398, 402 (Tex. App.—Houston [14th Dist.] 1988, no writ) (after settlement negotiations with plaintiff, defendant held mistaken belief that plaintiff was dismissing the suit, and therefore he did not need to answer); *Texas State Bd. of Pharmacy v. Martinez*, 658 S.W.2d 277, 280-81 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.) (defendant fails to answer suit but instead files a motion to dismiss, under the mistaken belief that venue was improper); *but see Carey Crutcher, Inc. v. Mid-Coast Diesel Services, Inc.*, 725 S.W.2d 500, 502 (Tex. App.—Corpus Christi 1987, no writ) (court holds no mistake of law where attorney did not understand effect of bankruptcy stay); *First National Bank of Bryan v. Peterson*, 709 S.W.2d 276, 279 (Tex. App.—Houston [14th Dist.] 1986,

writ ref'd n.r.e.) (failed to meet first prong of *Craddock* where bank officers froze accounts in response to writ of garnishment but did not file an answer or submit funds to the court); *Butler v. Dal Tex Mach. & Tool Co., Inc.*, 627 S.W.2d 258, 260 (Tex. App.—Fort Worth 1982, no writ) (no mistake of law where defendant failed to answer after he read but did not understand the citation). It should be noted, however, that not all inadequate actions result in an effective mistake of law defense. *See, e.g., Walker*, 111 S.W.3d at 60, 64-65 (applying *Craddock* standard, court holds no mistake of law excusing conscious indifference where attorney believed his expert report complied with a statutory requirements but did not review it to ensure such; in fact, the report failed to address two of the three elements required).

Padilla was properly served with notice of Hollerman's complaint, and his mistaken reliance on his attorney's advice does not excuse his failure to respond in some way to the lawsuit. Padilla testified that he never instructed his attorney to answer the suit. During testimony before the trial court on the motion for new trial, the attorney admitted he did no research regarding whether an answer was due, and that if he had, he would have filed an answer. Upon hearing this testimony, the trial court determined Padilla failed to meet the first prong of the *Craddock* test, requiring proof his failure to answer was not intentional or the result of conscious indifference, and denied Padilla's motion for new trial.

Because Padilla failed to meet the first prong of the *Craddock* test, we need not reach the remaining two prongs. Padilla's second issue is overruled.

## CONCLUSION

The trial court properly granted Hollerman's Rule 106 motion for substituted service, and did not abuse its discretion in denying Padilla's motion for a new trial. Accordingly, the trial court's order is affirmed.

Catherine Stone, Chief Justice