

# NUMBER 13-12-00611-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS CASTRELLON
AND GLORIA CASTRELLON                                          Appellants,

v.

NOMAR, LTD.,                                                          Appellee.

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Nomar, Ltd., appellee, filed suit against Jesus and Gloria Castrellon, appellants, alleging trespass to try title and trespass caused by wrongful encroachment. The trial court granted a no-answer default judgment against the Castrellons, which they challenge on appeal. We affirm.

# I. BACKGROUND

The Castrellons sold Lot 12, Citrus Properties, located on North Eubanks Road, Hidalgo County, Texas, to Nomar Ltd.[1] No survey was completed. Nomar, Ltd. later discovered that a fence encroached onto the property. Nomar, Ltd. alleged that it was unable to sell the property with the encroachment, and that as a result, it was incurring continuing tax and interest obligations.

Nomar, Ltd. brought suit against the Castrellons after the parties failed to resolve this dispute. The Castrellons were served with citation, but did not answer the lawsuit.[2] Nomar, Ltd. filed a motion for default judgment, which the trial court granted. The Castrellons filed a motion for a new trial, which the trial court denied.

# II. STANDARD OF REVIEW

We review a trial court's decision to deny a motion for new trial under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion when it acts "'without reference to any guiding rules or principles' or, stated another way, when the trial court acts in an arbitrary and unreasonable manner." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)). A trial court's decision to deny a motion for new trial will not be disturbed on appeal absent an abuse of discretion. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984).

---

[1] Nomar, Ltd. is a Texas limited partnership. Its general partner is Nomar Management, LLC, and its president is Jamie Ramon. Ramon was the attorney who closed the transaction, and he allegedly performed legal services for the Castrellons in the past.

[2] The Castrellons do not dispute that they were properly served.

A trial court abuses its discretion by failing to grant a new trial when all three *Craddock* requirements are met. *See id.* at 38–39; *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Under the *Craddock* test, the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference, but was due to accident or mistake; (2) there is a meritorious defense; and (3) granting a new trial will not operate to cause delay or injury to the plaintiff. *Craddock*, 133 S.W.2d at 126.

Appellant has the burden on a motion for new trial to negate the existence of conscious indifference. *Young v. Snowcon, Inc.*, 463 S.W.2d 225, 227 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ); *see also Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no writ). In determining whether there was intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant. *Strackbein,* 671 S.W.2d at 39. Conscious indifference has been interpreted to mean a failure to take some action which would seem obvious to a reasonable person in the same circumstance. *Norton*, 935 S.W.2d at 901.

## III.    ANALYSIS

The Castrellons contended in their motion for new trial that the default judgment should be set aside because the "failure to appear was not intentional, but accidental." *Craddock*, 133 S.W.2d at 126. Jesus Castrellon asserted that when he was served, "Mr. Ramon [Nomar, Ltd.'s president] said not to worry, that [they] . . . could continue to try to work out the issues and if so the case would not matter." Jesus Castrellon interpreted Ramon's alleged statement that he did not have to worry to mean that he had more time

3

and that "nothing would be done on the case, so long as good faith negotiations continued."[3]   Jesus Castrellon assured his wife, Gloria Castrellon, that she had more time to file an answer based on his conversation with Ramon.

The Castrellons did not assert either in their motion for new trial or on appeal, that their actions did not constitute "conscious indifference."   Ramon denied he made any misleading statement, and he submitted controverting evidence to substantiate his denial.   Further, the record shows that Jesus Castrellon knew he was being sued, that he knew the lawsuit required an answer to be filed within the stated time limit, and that Nomar, Ltd. did not advise him not to file an answer in the lawsuit.[4]   In fact, there is no indication in the record that negotiations were still underway at the time Nomar, Ltd. filed its motion for default judgment.   In any event, the mere fact that negotiations were ongoing does not justify the belief that a plaintiff will not take a default judgment.   *See Pentes Design, Inc. v. Perez*, 840 S.W2d 75, 79 (Tex. App.—Corpus Christi 1992, writ denied).

The trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony.   *See Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Munson v. State*, 576 S.W.2d 440, 441 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); *see also Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993) (holding the question of whether defendant's failure to

---

[3] The Castrellons assert they made a $1,000 payment towards the purchase of the encroachment at issue as settlement and that Ramon was somehow responsible for preparing the paperwork.   Jesus Castrellon, however, admitted during the hearing that he never came up with the money to purchase back the property.

[4] Gloria Castrellon did not submit an affidavit in support of her motion for new trial and did not testify during the hearing on the motion.

4

answer is intentional or the result of conscious indifference is a fact question).   The trial court is not required to grant a new trial merely upon the advancement of an excuse, especially if there is controverting evidence on the issue.   *Munson*, 576 S.W.2d 442.

The trial court heard the testimony and determined a new trial was not warranted under the *Craddock* standard.   The evidence indicates that the Castrellons' failure to file an answer was the result of conscious indifference.   Therefore, the trial court did not abuse its discretion in denying the Castrellons' motion for a new trial.

We do not reach the other *Craddock* elements because the Castrellons failed to meet the first element.   *See* TEX. R. APP. P. 47.1.   We overrule the Castrellons' issue.

## IV.    Conclusion

The trial court's judgment is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the
5th day of September, 2013.

5